STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-155

VALENTINA PERFILIEVA,

Plaintiff

v.

ORDER

PORTLAND HOUSING AUTHORITY,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 17 2017
3:57PM
RECEIVED

Before the court is a motion to dismiss by defendant Portland Housing Authority (PHA).

In her complaint plaintiff Valentina Perfilieva alleges that she is a resident at a building opened by the PHA and that she was injured when she slipped and fell on icy stairs outside of the building on February 13, 2015. Complaint ¶¶ 3-4. The complaint was filed on April 10, 2017. The basis of the PHA's motion is that it is a governmental entity as defined in the Maine Tort Claims Act, 14 M.R.S. §§ 8102(2), (3), and that as a result Perfilieva's action is barred by the two-year statute of limitations in 14 M.R.S. § 8110.

The court concludes that the PHA is a "political subdivision" of the State as defined in 14 M.R.S. § 8102(3). *See Doe v. Portland Public Housing Authority*, 656 A.2d 1200 (Me. 1994). Although the *Doe* decision considered whether the PHA qualified as a political subdivision under a different statute, it recited the PHA's statutory authority, 656 A.2d at 1201 n.2, and stated that it would appear that the PHA was a political subdivision under the Tort Claims Act. 656 A.2d at 1202 n. 7.

Nothing in the court's review of the relevant statutes suggests that the Law Court's tentative conclusion with respect to the PHA's status under the Maine Tort Claims Act was in any way incorrect. Indeed, in 30-A M.R.S. § 4741(2), setting forth the powers of a

municipal housing authority, the Legislature explicitly included the power "to be sued . . . in accordance with the Maine Tort Claims Act."

In her opposition to the motion to dismiss, Perfilieva argues that even if the two year statute of limitations in 14 M.R.S. § 8110 is applicable, the PHA should be estopped from invoking the statute of limitations because the PHA's insurer was aware of the claim before the statute of limitations expired. This does not set forth a viable argument that PHA should be estopped from asserting the statute of limitations. At a minimum Perfilieva would have had to allege that PHA's insurer actually induced Perfilieva not to file suit within the two year period following February 13, 2015. *See Dasha v. Maine Medical Center,* 665 A.2d 993, 995 (Me. 1995). Accordingly, this is not a case where leave to amend would be appropriate.

The entry shall be:

Defendant's motion to dismiss is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 17, 2017

Thomas D. Warren
Justice, Superior Court

2